17-1612
United States v. Robinson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand eighteen.

PRESENT:
            JOHN M. WALKER, JR.,
            DENNIS JACOBS,
            GUIDO CALABRESI,
                Circuit Judges.
_____

UNITED STATES OF AMERICA,
                Appellee,

        -v.-                                                                17-1612

JAMES ROBINSON,
                Defendant-Appellant,

BERNARD COUCH, JR., JONATHAN ANDERSON,
                Defendants.
_____

1

FOR DEFENDANT-APPELLANT:       Daniel A. McGuinness, Adam D. Perlmutter, Perlmutter & McGuinness, P.C., New York, NY.


FOR APPELLEE:       Nathan Rehn and Sarah K. Eddy, Assistant United States Attorneys, <u>for</u> Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

James Robinson was convicted by a jury in the United States District Court for the Southern District of New York (Scheindlin, <u>J.</u>) of conspiracy to commit bank fraud. <u>See</u> 18 U.S.C. § 1349.   On appeal, Robinson challenges the sufficiency of the evidence as well as certain evidentiary rulings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Robinson argues that the evidence was insufficient to support his conviction for conspiracy.   Specifically, he claims that the only direct evidence of his intent to join the conspiracy was the testimony of a cooperating witness named Kenneth Nadolny, which (Robinson argues) the jury should have rejected on credibility grounds.   The argument fails easily.

A challenge to the sufficiency of the evidence fails if "*any* rational [jury] could have found the essential elements of the crime beyond a reasonable doubt."   <u>United States v. Persico</u>, 645 F.3d 85, 105 (2d Cir. 2011) (internal quotation marks omitted). Therefore we assess the evidence put before the jury by "draw[ing] *all* permissible inferences in favor of the government and resolv[ing] *all* issues of credibility in favor of the jury['s] verdict."   <u>United States v. Kozeny</u>, 667 F.3d 122, 139 (2d Cir. 2011) (emphases added).   Our review is thus sharply circumscribed: "It is the province of the *jury*[,] and not of the court[,] to determine whether a witness who may have been inaccurate, contradictory and even untruthful in some respects was nonetheless entirely credible in the essentials of his testimony."   <u>United States v. O'Connor</u>, 650 F.3d 839,

855 (2d Cir. 2011) (emphasis added) (internal quotation marks omitted).   Accordingly, we do not second-guess a jury's apparent decision to credit a witness's testimony except in extreme cases where the testimony was "incredible as a matter of law," meaning it was "incredible on its face" or it "def[ied] physical realities."   United States v. Truman, 688 F.3d 129, 139 (2d Cir. 2012) (internal quotation marks omitted).   This is not an extreme case.

In arguing that Nadolny's testimony was incredible as a matter of law, Robinson relies on an alleged lack of corroboration for some of Nadolny's central assertions, his supposedly combative demeanor on the witness stand, and a single inconsistency. "The proper place for [such run-of-the-mill] challenge[s] to a witness's credibility is in cross-examination and in subsequent argument to the jury, not in a" request for post-trial relief from a verdict.   Truman, 688 F.3d at 139 (alteration, citation, and internal quotation marks omitted).   In Truman, we declined to find a witness's testimony incredible as a matter of law, despite substantially more pervasive indicia of unreliability: the witness had been highly combative, refusing to answer any questions on a key topic; his testimony had included various "inconsistencies"; his attorney had conceded "that he had perjured himself" in a related state court trial; and the government had "effective[ly] repudiat[ed]" his testimony.   Id. at 139-40.   On top of that, he had breached a cooperation agreement with prosecutors and acknowledged his history of criminal activity and substance abuse.   See id. at 139.   We nonetheless vacated a grant of post-trial relief that was based on the witness's lack of credibility. No different result is warranted here; the jury's verdict finds sufficient support in the record.

**2.** Robinson argues that the district court deprived him of a meaningful opportunity to present a defense by prohibiting him (on hearsay grounds) from testifying about exculpatory out-of-court statements purportedly made by two of his co-conspirators.

As to testimony about co-conspirator Kenneth Foote, Robinson's counsel did not contemporaneously offer a non-hearsay basis for admitting the statements, but the court identified one *sua sponte* after the defense had rested.   The court then invited counsel to recall his client to the stand in order to elicit the previously excluded testimony; but counsel declined the offer.

Even assuming that the initial hearsay ruling was erroneous, Robinson's claim fails because the court's curative measures permitted Robinson to present his defense free of prejudice.   District courts are empowered to "correct errors made in the course

3

of trial while [they] still ha[ve] the opportunity to do so." United States v. Burger, 739 F.2d 805, 810 (2d Cir. 1984). This authority includes the "discretion to reopen a case after the defense has rested" so that previously excluded defense testimony can be admitted. Id. at 809-10 (rejecting as "[un]persuasive" defendant's claim that "the belated admission of [the] evidence" would have prejudiced his case and that a mistrial was required instead). An erroneous exclusion may be deemed cured even where, as here, the defense--as a matter of trial strategy--declined the court's offer to reopen. See id. "We conclude that the district court's offer to reopen the case was sufficient to render harmless its previous error in excluding [the] evidence," as "the belated introduction of th[e] testimony [at issue] would not have been unfairly prejudicial." Id. at 810. Robinson cannot use an appeal "to evade the consequences of an unsuccessful tactical decision." United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991).

Robinson also challenges the court's exclusion of out-of-court statements purportedly made by another co-conspirator, Nadolny. The court did not extend an offer to Robinson to retake the stand in order to introduce the previously excluded Nadolny statements.

Again, Robinson's counsel failed to offer a non-hearsay basis for admitting the statements, either contemporaneously or during the colloquy concerning Foote's statements and the court's offer to reopen. See Fed. R. Evid. 103(a)(2). Accordingly, any objection to the exclusion of the Nadolny statements was forfeited and our review is only for plain error. See United States v. Yu-Leung, 51 F.3d 1116, 1121 (2d Cir. 1995). Robinson cannot prevail under that exacting standard.

"Th[e] [plain error] standard is met when (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Vilar, 729 F.3d 62, 70 (2d Cir. 2013) (internal quotation marks omitted). Even assuming that the exclusion was clearly erroneous, Robinson cannot establish that it "had a substantial and injurious effect . . . on the jury's verdict." United States v. Groysman, 766 F.3d 147, 155 (2d Cir. 2014) (internal quotation marks omitted).

First, Robinson *was* permitted to introduce Nadolny's out-of-court statements to make substantially the same point he now claims he was not permitted to make. Robinson contends on appeal that he was prohibited from offering statements made by

4

Nadolny that would have provided the jury an "innocent explanation" for why he accepted a stolen check from Nadolny.  Appellant's Br. 25.  However, Robinson did provide the jury such an explanation when he testified that Nadolny had told him that the check was repayment for a loan and that the name on the check--Undertone--was Nadolny's company.  Robinson fails to identify any additional information that he would have adduced from Nadolny's out-of-court statements on this point--much less information that would have swayed the jury--and no such information is apparent in the record.  Robinson therefore fails to sustain his burden of establishing substantial prejudice from the exclusion.  See United States v. Bruno, 383 F.3d 65, 79 (2d Cir. 2004) ("[T]he defendant . . . bears the burden of persuasion with respect to prejudice [on plain error review].").

Finally, Robinson cannot establish that the jury's verdict would have been different if he had been permitted to offer further testimony about his supposedly innocent receipt of the Nadolny check.  Nadolny directly testified that Robinson was a knowing participant in the conspiracy, and the jury evidently credited that testimony. Even apart from Robinson's handling of the Nadolny check, there was damning testimonial and documentary evidence of his criminal activities.  Substantial evidence showed that Robinson, inter alia, created a forged letter to induce a bank to accept for deposit stolen Undertone checks, directed an associate to deposit additional stolen checks, and had regular contact with the other conspirators during the course of the scheme.  On this record, we cannot say that the introduction of arguably cumulative evidence on a narrow point would have occasioned Robinson's acquittal.

We have considered Robinson's remaining arguments--including his contention that the court committed error by directing the invitation to reopen to Robinson's counsel rather than to Robinson himself--and find them to be without merit.  See Brown v. Artuz, 124 F.3d 73, 79 (2d Cir. 1997).  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court